This was an action for actionable negligence brought by plaintiff against defendant, alleging damages. The defendant denied that he was guilty of any negligence and set up the plea of contributory negligence, and in his answer, among other things, as a defense said: "That while the defendant was driving his automobile along and upon McIver Street in a western direction, and after he had crossed and passed beyond the intersection of First Street and Jenkins Street, and while he was some distance west of said streets, at a low and lawful rate of speed and in a careful manner, the plaintiff stepped from behind a truck where he was concealed and not visible to the defendant into the street directly in front of the automobile driven by the defendant at such time and in such way and manner and in such close proximity to said automobile that it was impossible for the defendant to stop his automobile and prevent the collision with the plaintiff and the resulting injury to him." *Page 800 
The issues submitted to the jury and their answers thereto were as follows:
"1. Was the plaintiff injured by the negligence of the defendant as alleged in the complaint? Answer: Yes.
2. Did plaintiff, by his negligence, contribute to his injury as alleged in the answer? Answer: Yes.
3. What damages is plaintiff entitled to recover therefor? (No answer.)."
Judgment was rendered for defendant on the verdict. Plaintiff made numerous exceptions and assignments of error and appealed to the Supreme Court.
On or about 11 November, 1929, defendant, who was driving a Hudson sedan automobile in the town of Sanford, ran into plaintiff, a pedestrian, when he started across McIver Street to his place of business in said town, and seriously injured him. The plaintiff in his brief set forth five questions presented, none of which we think can be sustained, as we see no prejudicial or reversible error on the record. The jury decided the disputed fact of contributory negligence for the defendant, and in law we find
No error.